IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAMIEN GREEN,

                Plaintiff,                      OPINION AND ORDER

    v.

GREGORY GRAMS, HEAD OF FOOD SERVICE AT CCI,        11-cv-131-slc[1]
CHAPLAIN AT CCI, UNIT MANAGER OF DS1 HOLE
CAPT. MORGAN, SECURITY DIRECTOR of DS1 HOLE
and CCI, ALL OFFICERS in CCI HOLE, JANE DOES 1-12,
JOHN DOES 1-12, DEPUTY WARDEN TIM DOUMA,
JANEL NIKLE and SGT. MILLONG,

                Defendants.

---

        Pursuant to 42 U.S.C. § 1983, plaintiff Damien Green brings this complaint alleging violations of his civil rights by various individuals who work for the Wisconsin Department of Corrections ("DOC"). Green proceeds *pro se*, having paid an initial partial filing fee in compliance with the *in forma pauperis* statute, 28 U.S.C. § 1915(b)(4), and the complaint is now before the court for screening pursuant to 28 U.S.C. § 1915A. Because the proposed complaint fails to comply with federal pleading requirements, plaintiff must amend his pleadings for the reasons set forth below.

ALLEGATIONS OF FACT

        At the time that he filed his complaint, plaintiff Damien Green was an inmate at the Columbia Correctional Institution, located in Portage, Wisconsin. Green advised the court in August 2011, that he has been transferred to the Wisconsin Secure Program Facility in Boscobel, where he remains incarcerated.

---

    [1] For the purpose of issuing this order, Judge William M. Conley acts for the court.

Defendants are all employed by DOC at the Columbia Correctional Institution. Gregory Grams is the warden; Timothy Douma is the deputy warden; Captain Morgan and Sgt. Millong are correctional officers; and Janel Nikle is the security director. The remaining defendants are identified as that institution's chaplain, head of food service, manager of the disciplinary segregation unit (DS1), and officers working in the DS1 unit, John Does 1-12 and Jane Does 1-12.

Green alleges that on March 22, 2010, he was placed in the DS1 unit at the Columbia Correctional Institution. On October 28, 2010, Green went on the Halal diet for seven days in order to practice his religion. Green contends that the chaplain and head of the food services unit failed to provide him with enough food while on this diet.

Green also claims that the Columbia Correctional Institution does not have emergency call buttons in DS1 cells and that there are no cameras to show what is going on in that unit. Green alleges that this puts inmates at serious risk of harm.

Green seeks monetary damages for the intentional infliction of emotional distress and mental anguish. He also seeks injunctive relief on behalf of a class consisting of all prisoners currently incarcerated at the Columbia Correctional Institution.

OPINION

The court is required to screen all complaints filed by prisoners who seek relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it determines that the proposed action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune to a claim for such

2

relief. *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(b) (authorizing dismissal of an *in forma pauperis* complaint "at any time" on the same grounds).

In addressing any *pro se* litigant's complaint, the court reads the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). Even under a liberal standard of review, however, a *pro se* complaint is subject to dismissal as frivolous if it lacks an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is factually frivolous if its allegations are "bizarre, irrational or incredible." *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007) (citations omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible."). A claim lacks an arguable basis in law if it is based on "an indisputably meritless legal theory." *Edwards*, 478 F.3d at 830 (citing *Neitzke*, 490 U.S. at 325).

While a plaintiff need not plead specific facts, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a complaint may be dismissed for failure to state a claim where the plaintiff alleges so little that it fails to meet even minimal pleading requirements. In particular, Fed. R. Civ. P. 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). In this respect, too, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citing

3

*Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

### A. Green's Complaint Fails to State a Claim

To state a § 1983 claim, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)). To demonstrate liability then, a plaintiff must at minimum allege sufficient facts showing that an individual acting under state law personally caused or participated in the alleged constitutional deprivation. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000); *Walker v. Taylorville Correctional Ctr.*, 129 F.3d 410, 413 (7th Cir. 1997) (noting that "personal involvement" is required to support a claim under § 1983). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.'" *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

#### 1. Denial of Adequate Food

Green contends that the chaplain, head of the food service unit and Captain Morgan were deliberately indifferent to his needs by denying him adequate food for a seven-day period, commencing on October 28, 2010, while Green followed a Halal diet. Green's claim is governed by the Eighth Amendment, which prohibits cruel and unusual punishment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). To state a claim under the Eighth Amendment, however, an inmate must first allege that he suffered a deprivation sufficiently serious to have denied him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452

U.S. 337, 347 (1981). An inmate must then demonstrate that prison officials were aware of, but deliberately indifferent to, conditions that posed a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Withholding food from prisoners is not a "per se objective violation of the Constitution." *Reed v. McBride*, 178 F.3d 849, 852, 853–54 (7th Cir. 1999). Depending on the "amount and duration of the deprivation," however, withholding food can constitute a sufficiently serious deprivation of a basic need for purposes of an Eighth Amendment claim. *See id.*; *see also Atkins v. City of Chicago*, 631 F.3d 823, 830 (7th Cir. 2011) ("Depriving a person of food for four days would impose a constitutionally significant hardship."). The complaint filed by Green does not allege with sufficient detail what food he was provided under the Halal diet. More importantly, Green does not explain how these meals were inadequate to meet his needs. *See Freeman v. Berge*, 441 F.3d 543, 547 (7th Cir. 2006) (concluding that, without evidence of serious harm, a 45-pound weight loss would not support an Eighth Amendment claim). Green also does not allege facts showing that he complained to anyone or that he requested, but was denied, additional food. Thus, he does not demonstrate that officials were aware of a risk of harm.

Because Green's claim concerning the denial of adequate food does not comply with Fed. R. Civ. P. 8, the court will dismiss this portion of the complaint without prejudice. Green will be afforded an opportunity to submit an amended complaint that complies with Fed. R. Civ. P. 8, as instructed further below.

### 2. Lack of Call Buttons and Cameras

Green also contends that the DSI unit where he was formerly housed lacks emergency call buttons and cameras. He believes that this poses a potential risk to inmate safety. The

Eighth Amendment imposes a duty to protect inmates from a known risk of harm. *See Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Vague allegations of a generalized risk of harm, however, are not enough to state a claim. *See Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005); *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). It bears repeating that, under the Eighth Amendment, an inmate must allege that prison officials were aware of, but deliberately indifferent to, conditions that posed a substantial risk of serious harm. *See Farmer*, 511 U.S. at 834.

Green has not identified any tangible threat or excessive risk to his personal safety posed by the lack of a call button or cameras in the DSI unit. *See Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008) (holding that an inmate who "told jail officials only that he was afraid and that he wanted to be moved" failed to put those officials on notice of an actionable threat). More importantly, Green again fails to allege facts showing that the defendants knew of and disregarded an excessive risk to his safety.

Because Green's complaint concerning the lack of call buttons or cameras does not comply with Fed. R. Civ. P. 8, the court will dismiss his Eighth Amendment claim without prejudice. Green will be afforded an opportunity to submit an amended complaint that complies with Fed. R. Civ. P. 8, as instructed further below.

### 3. Claims for Class-Wide Injunctive Relief

Green also purports to seek injunctive relief on a class-wide basis from policies on religious dietary fare at the Columbia Correctional Institution. He also asks for injunctive relief in the form of placing cameras and call buttons in every cell of DS1 and DS2 units at the Columbia facility. As noted above, however, Green has been transferred to another facility and he is no longer incarcerated at the Columbia Correctional Institution. "[W]hen

a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004); *see also Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011). Green's claims for injunctive relief, therefore, will be dismissed as moot.

B. **Leave to Amend**

To proceed with his claims, Green must file an amended complaint curing the deficiencies referenced above. The amended complaint must be submitted on a form approved for use by prisoners in a civil rights case, which is available from the Clerk's Office, and then at no more than ten additional pages. The amended complaint should clearly and succinctly list his allegations and claims: to satisfy the federal pleading requirements, his amended complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief" where each defendant is concerned. FED. R. CIV. P. 8(a)(2).

Moreover, Green may not add new claims. Rather, in completing his amended complaint, Green should explain his claims in full sentences, numbered paragraphs, and in a way that would enable someone reading the complaint to answer the following questions:

1. What food did he receive during his 7-day Halal diet?
2. What food was he denied for 7 days?
3. Which individual(s) was responsible for denying him food?
4. What pain and suffering was he caused?
5. How did a defendant's action cause him pain and suffering?
6. How was he harmed by the lack of a call button in his cell?
7. How was he harmed by the lack of cameras in DS1?

7

Green's amended complaint must be filed within thirty (30) days of the date of this order. Failure to file an amended complaint within this time period may result in dismissal of this action under Fed. R. Civ. P. 41(b) for failure to comply with the court's orders.

Green is further advised that the amended complaint must bear the docket number assigned to this case and must be labeled Amended Complaint. The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 156-57 (7th Cir. 1988). If Green does not file an amended complaint as directed, this case will be dismissed for failure to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

ORDER

IT IS ORDERED that:

1. Damien Green's claims for injunctive relief are DISMISSED as moot.

2. The remaining portion of Green's complaint is DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8.

3. Green may file an amended complaint in compliance with Fed. R. Civ. P. 8 within thirty (30) days of the date of this order. If he does so, the court will take the amended complaint under advisement for screening of his claims. If he fails to respond within thirty days, however, the clerk's office is directed to close this case.

Entered this 6th day of August, 2012.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge

8